UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
WILLIAM LIGUORI, JR.; TRICIA :
LIGUORI; JOSE AGUILAR; and :
ELIZABETH MANLEY, each individually :
and on behalf of all those similarly situated, :     **OPINION AND ORDER**
                        Plaintiffs, :
                                                               :     19 CV 10677 (VB)
v. :
                                                                 :
WELLS FARGO BANK, N.A., :
                       Defendant. :
--------------------------------------------------------------x

Briccetti, J.:

       Plaintiffs William Liguori, Jr., Tricia Liguori (together, the "Liguoris"), Jose Aguilar, and Elizabeth Manley, each individually and on behalf of all others similarly situated, bring this putative class action against defendant Wells Fargo Bank, N.A. ("defendant" or "Wells Fargo"), alleging violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq., and state law.

       Now pending are defendant's motion pursuant to Rule 12(b)(6) to dismiss the complaint for failure to state a claim (Doc. #6), and motion to stay this proceeding until the U.S. District Court for the Northern District of California determines whether to grant final approval of a proposed nationwide class settlement in Hernandez v. Wells Fargo Bank, N.A., 18 Civ. 7354 (N.D. Cal.). (Doc. #27).

       For the following reasons, the motion to stay is GRANTED and the motion to dismiss is TERMINATED without prejudice to refiling if and when the stay in this case is lifted.

       The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

1

**BACKGROUND**

The following factual background is drawn from the complaint and the parties' submissions in support of and in opposition to the pending motion for a stay.

I.  Denial of Mortgage Loan Modifications and Repayment Programs

    A.  Jose Aguilar and Elizabeth Manley

In December 2005, Jose Aguilar and Elizabeth Manley purchased a residential property located at 203 Edwin Street, Chittenango, New York. To do so, Aguilar and Manley took out a loan and executed a note as security for same. Aguilar and Manley also executed a mortgage, encumbering 203 Edwin Street, as further security for the note. From August 2011 to September 2014, defendant serviced Aguilar and Manley's mortgage loan.

In May 2011, Aguilar and Manley defaulted on their note and mortgage, and in August 2012, defendant commenced a foreclosure proceeding against Aguilar and Manley in Supreme Court, Madison County.

In 2013, Aguilar and Manley sought from defendant certain mortgage repayment assistance. Plaintiffs allege that in September 2013, as a result of calculation errors in defendant's automated decisioning software for residential mortgage loan servicing, defendant determined Aguilar and Manley did not qualify for a loan modification or temporary repayment plan under the Home Affordable Modification Program ("HAMP"), Fair Housing Act ("FHA") programs, or any other loan modification program. Accordingly, defendant denied Aguilar and Manley certain mortgage assistance.

At some point in time, defendant assigned to U.S. Bank its interest in Aguilar and Manley's mortgage loan. In July 2015, the Supreme Court, Madison County, entered a judgment

of foreclosure and sale, and on November 30, 2015, U.S. Bank sold Aguilar and Manley's home, 203 Edwin Street, at a foreclosure sale.

### B. William and Tricia Liguori

In October 2006, the Liguoris purchased a residential property located at 40 South Parliman Road, Lagrangeville, New York. To do so, the Liguoris took out a loan and executed a note as security for same. The Liguoris also executed a mortgage, encumbering 40 South Parliman Road, as further security for the note. From October 2006 to March 2015, defendant serviced the Liguoris' mortgage loan.

In 2013, the Liguoris defaulted on their note and mortgage, and sought from defendant certain mortgage repayment assistance. Plaintiffs allege that in April 2014, as a result of calculation errors in defendant's automated decisioning software for residential mortgage loan servicing, defendant determined the Liguoris did not qualify for a loan modification or temporary repayment plan under HAMP, FHA, or other loan modification program. Accordingly, defendant denied the Liguoris certain mortgage assistance, and commenced a foreclosure proceeding against them in Supreme Court, Dutchess County.

In November 2014, the Supreme Court, Dutchess County, entered a judgment of foreclosure and sale, and on March 10, 2015, defendant caused the Liguori's home, 40 South Parliman Road, to be sold at a foreclosure sale.

### C. Defendant's 2018 Apology Letter

Plaintiffs allege that by letter dated September 18, 2018, defendant notified Aguilar, Manley, and the Liguoris, that an error in its automated decisioning software for residential mortgage loan servicing caused plaintiffs to be denied approval for trial loan modifications to which they would otherwise have been entitled.

II.     <u>Hernandez v. Wells Fargo Bank, N.A.</u>, and Other Litigation

On December 5, 2018, a putative nationwide class action, <u>Hernandez v. Wells Fargo Bank, N.A.</u>, 18 Civ. 7354 (N.D. Cal) (hereinafter "<u>Hernandez</u>"), was filed in the U.S. District Court for the Northern District of California. The plaintiffs in <u>Hernandez</u> allege errors in Wells Fargo's automated decisioning software for residential mortgage loan servicing, and inadequate compliance, led Wells Fargo to delay or deny trial loan modifications and repayment plans for borrowers who were otherwise eligible for same pursuant to certain loan modification programs, such as HAMP.

Since December 5, 2018, more than a dozen similar lawsuits have been filed in various jurisdictions across the United States, alleging, as in <u>Hernandez</u>, that errors in Wells Fargo's automated decisioning software for residential mortgage loan servicing, and inadequate compliance, led Wells Fargo to delay or deny trial loan modifications and repayment plans for borrowers who were otherwise eligible for same under certain loan modification programs.[1] The instant action, filed in November 2019, is one such lawsuit, in which Aguilar, Manley, and the Liguoris bring claims on behalf of themselves and a proposed putative class of New York mortgagors.

On January 29, 2020, the <u>Hernandez</u> court certified the following nationwide breach of contract class:

> All persons in the United States who between 2010 and 2018 (i) qualified for a home loan modification or repayment plan pursuant to the requirements of government-sponsored enterprises (such as Fannie Mae and Freddie Mac), the Federal Housing Administration (FHA), the U.S. Department of Treasury's Home Affordable Modification Program (HAMP); (ii) were not offered a home loan modification or repayment plan by Wells Fargo due to excessive attorneys' fees being included in the loan modification decisioning process; and (iii) whose home Wells Fargo sold in foreclosure.

---

[1] Seven such cases were filed as individual actions (<u>see</u> Doc. #28 ("Def. Mem.") at 1 n.3), and four were filed as putative class actions. (<u>Id</u>. at n.2).

4

(Doc. #29 ("Smedley Decl.") Ex. A at 10). The parties in Hernandez have negotiated a settlement agreement to settle all class claims, and on April 19, 2020, the Hernandez court granted preliminary approval of that settlement. (Id. Ex. B).

On June 8, 2020, the Hernandez plaintiffs filed an unopposed motion for final approval of the proposed class settlement. On August 20, 2020, the district court held a hearing respecting final settlement approval, and continued the hearing to October 1, 2020.

III.  Request for Multidistrict Litigation and Consolidation

On January 14, 2020, a group of plaintiffs in one of the similar, subsequent litigations filed a petition with the Judicial Panel on Multidistrict Litigation ("JPML"), seeking to join Hernandez and nine other actions in a Multidistrict Litigation ("MDL"), and requesting consolidation.

On March 26, 2020, the JPML denied the petition and request for consolidation. The JPML found that although "five [of the similar actions] assert at least somewhat overlapping classes of borrowers" (Smedley Decl. Ex. C at 1–2), the parties in Hernandez—a case "far more advanced than any other, with discovery largely complete, a nationwide class certified, a motion for partial summary judgment pending, and until recently, a trial on the horizon" (id. at 2)— "reached a proposed settlement for the certified class," and thus centralization "at this time could delay a class settlement in the most advanced action in this litigation and result in little to no benefit to the class members and other parties." (Id.).

The JPML continued: "Furthermore, there are alternatives to centralization available to minimize any overlap in pretrial proceedings, including informal cooperation and coordination of all actions, or other cooperative arrangements, such as a stay of the other cases while the settlement in Hernandez proceeds." (Smedley Decl. Ex. C at 2).

On March 9, 2020, roughly two weeks prior to the JPML's decision, defendant moved to stay this proceeding until the JPML ruled on the pending petition for transfer and consolidation. (See Doc. #14). On March 30, 2020, this Court denied defendants' motion as moot in view of the JPML's March 26, 2020, Order. (Doc. #22).

**DISCUSSION**

I.     Legal Standard

"A district court's 'power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Loftus v. Signpost Inc., 2020 WL 2848231, at *2 (S.D.N.Y. June 2, 2020) (quoting Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012)). "Courts routinely exercise this power and grant stays when a pending nationwide class settlement could impact the claims in the case before them." Albert v. Blue Diamond Growers, 232 F. Supp. 3d 509, 512 (S.D.N.Y. 2017) (collecting cases).

In deciding whether to grant a stay, courts in this circuit consider five factors:

(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendant[]; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Kappel v. Comfort, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). In addition, "[t]he party moving for a stay 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else.'" Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc., 474 F. Supp. 2d 474, 482 (S.D.N.Y. 2007) (citing Landis v. N. Am. Co., 299 U.S. 248, 255 (1936)).

II.     Application

Defendant argues the instant matter should be stayed "to conserve resources and provide Plaintiffs and the relevant members of the putative class with an opportunity to review the final settlement terms and decide whether to join the settlement or opt out and pursue whatever claims remain to them in this forum." (Def. Mem. at 4). Plaintiffs oppose defendant's request.

The Court agrees with defendant. Applying the pertinent standards, the Court concludes a stay is warranted.

The first Kappel factor—the private interests of plaintiffs in proceeding expeditiously, as balanced against the prejudice to plaintiffs if this action is delayed—warrants a stay. Plaintiffs argue their "interest in proceeding expeditiously with this instant action [is] prejudiced by Wells Fargo['s] attempts to delay this case. (Doc. #32 ("Pls. Mem.") at 5). But even though a stay of this matter "will cause plaintiff[s] some delay," "delay standing alone does not establish prejudice." Enron Oil Corp. v. Diakuara, 10 F.3d 90, 98 (2d Cir. 1993).

Plaintiffs also argue a stay is not warranted because they "lost their chance to save their home[s]" due to defendant's alleged delay in notifying the public of errors in its residential mortgage loan modification software, and their claims should not be delayed any longer. (Pls. Mem. at 5). But the harm resulting from plaintiffs' loss of an opportunity to save their residences occurred years ago, and thus has neither been caused nor affected by the requested stay.

Plaintiffs further argue a stay would prejudice Aguilar and Manley, two of the four named plaintiffs in this case. According to plaintiffs, Aguilar and Manley, unlike the Liguoris, do not meet the third requirement of the settlement class definition in Hernandez because U.S. Bank, not defendant, sold their home in foreclosure. Plaintiffs therefore claim a stay "would

7

only act to further delay the access to justice the Plaintiffs seek." (Pls. Mem. at 5). But here again, "delay standing alone does not establish prejudice," Enron Oil Corp. v. Diakuara, 10 F.3d at 98. Moreover, the other plaintiffs in this case, the Liguoris, do meet the definition of the Hernandez class, and thus, the Liguoris' claims in the instant matter, in addition to those of the putative class members who also meet the definition of the Hernandez settlement class, are directly implicated by the Hernandez proposed nationwide class settlement.

Plaintiffs further insist the Liguoris' membership in the Hernandez settlement class "is not a sufficient reason to stay" the instant case because "they are no longer parties in this matter going forward." (Pls. Mem. at 7). This is because, plaintiffs say, "William and Tricia Liguori anticipate filing a Motion to Sever . . . as [they] are opting into the pending settlement in Hernandez." (Id. at 2 n.2).

The Court is not persuaded. The Liguoris are still parties to the instant lawsuit. And even if they were not, Aguilar and Manley, like the Liguoris, still assert claims on behalf of a proposed putative class, including all individuals:

a. who were a mortgagee [sic]² to any New York residential home mortgage loan owned and/or serviced by Wells Fargo on or after March 15, 2010,

b. which loan entered loss mitigation review and/or was the subject of any borrower or mortgage assistance application submitted on or after March 15, 2010 through April 30, 2018,

c. which loan qualified for a mortgage loan modification, repayment plan, or a trial period plan pursuant to the requirements of government-sponsored entities, non-government sponsored entities, the FHA, and/or the HAMP programs,

d. but which loss mitigation review and/or borrower or mortgage assistance application was denied by Wells Fargo,

---

² The Court suspects plaintiffs mean to assert class claims on behalf of mortgagors, not mortgagees. Compare Mortgagor, BLACK'S LAW DICTIONARY (11th ed. 2019) ("Someone who mortgages property; the mortgage-debtor, or borrower."), with Mortgagee, BLACK'S LAW DICTIONARY (11th ed. 2019) ("One to whom property is mortgaged; the mortgage creditor, or lender.").

      e.  as a result of automated calculation and related errors pertaining to Wells Fargo's use of a mortgage loan modification underwriting tool.

(Doc. #2 ("Compl.") ¶ 107). Accordingly, even without the Liguoris' continued participation in this matter, plaintiffs assert claims on behalf of a putative class with claims that directly overlap with the Hernandez settlement class. Any resolution in Hernandez will affect at least some members of the proposed putative class in this action and, consequently, the issues in this case.

      The second and third Kappel factors also warrant a stay. Because the proposed putative class substantially overlaps with the Hernandez settlement class, defendant faces duplicative discovery and litigation practice with respect to the proposed class members in this case. Many members of the proposed putative class meet the definition of the nationwide Hernandez settlement class and, ultimately, may opt out of such settlement. Accordingly, and as suggested by the JPML (see Smedley Decl. Ex. C at 2), a stay of this action may well narrow and alleviate unnecessary discovery and other pretrial matters in the instant proceeding. See, e.g., Albert v. Blue Diamond Growers, 232 F. Supp. 3d at 513 ("Proceeding with this case while a potential nationwide settlement that encompasses Plaintiffs' claims is pending would cause the parties to expend considerable resources conducting discovery and briefing motions that may be unnecessary. Such expense would unduly burden [defendant] as well as this Court.").

      The fourth and fifth Kappel factors further warrant a stay of this proceeding until the Hernandez court renders a decision on the motion for final approval of the proposed settlement. Indeed, a stay would minimize the possibility of conflicting and inconsistent orders between different courts with respect to litigation that is substantively similar, Catskill Mountains Chapter of Trout Unlimited, Inc. v. E.P.A., 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2004), and support the dual interests of judicial economy and efficiency. See Readick v. Avis Budget Grp., Inc., 2014

WL 1683799, at *6 (S.D.N.Y. Apr. 28, 2014) ("Considerations of judicial economy are frequently viewed as relevant to the public interest, and, as noted, they weigh against the investment of court resources that may prove to have been unnecessary.").  Here, the parties have not started discovery and have fully briefed defendant's motion to dismiss.  In the interest of judicial economy, the parties' motion briefing can easily be re-filed and adjudicated once the motion for final settlement approval in Hernandez is resolved and the stay in this matter is lifted.

Accordingly, in view of the pending motion for final settlement approval in Hernandez and for the reasons set forth above, a stay of the instant action is warranted.

## CONCLUSION

The motion to stay the instant case until the U.S. District Court for the Northern District of California determines whether to grant final approval of a proposed nationwide class settlement in Hernandez v. Wells Fargo Bank, N.A., 18 Civ. 7354 (N.D. Cal.), is GRANTED.

This matter is hereby STAYED until further Court order.  Defendant shall notify the Court within ten days of the district court's resolution of the motion for final settlement approval in Hernandez.

The motion to dismiss is TERMINATED without prejudice to refiling if and when the stay in this case is lifted.

The Clerk is instructed to terminate the motions.  (Docs. ##6, 27).

Dated:  September 8, 2020
       White Plains, NY                  SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge